IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABANZA CORPORATION | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | CIVIL CASE NO.: MJG-02-CV-1946 |
| | * | |
| ABACUS AMERICA, INC. | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

Defendant, Abacus America, Inc. ("Abacus"), by its attorneys, Peter J. Sommer, Matthew A.S. Esworthy and Sommer and Steele, LLC, respectfully submits this memorandum in opposition to the Plaintiff's Motion For Reconsideration.

On March 5, 2003, this Court granted Abacus' Motion to Dismiss for Lack of Personal Jurisdiction, hereinafter referred to as ("Motion to Dismiss"). On March 17, 2003, Alabanza Corporation ("Alabanza"), Plaintiff, filed a Motion for Reconsideration, hereinafter referred to a ("Plaintiff's Motion for Reconsideration") and a Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, hereinafter referred to as ("Plaintiff's Memorandum"), which presents this Court with two arguments. Alabanza's first argument is that the Court erroneously concluded that it had no personal jurisdiction over Abacus. (<u>See</u> Plaintiff's Memorandum pages 2-6). This argument has no merit. The jurisdictional question has been extensively briefed by both parties and was correctly decided by the Court. Alabanza's second argument is that the Court should have permitted Alabanza to conduct jurisdictional discovery prior to the entry of

1

judgment. (See Plaintiff's Memorandum pages 6-8). This argument also has no merit because Alabanza never requested jurisdictional discovery during the eight months that this issue was before the Court. In addition, when considering a Motion for Reconsideration pursuant to the Federal Rules of Civil Procedure, this question is not within the scope of a court's review. In other words, the Court could not have abused its discretion if Alabanza never requested that action be taken.

I.    **Alabanza Has Failed To Meet The Standard Imposed When Considering a Motion to Reconsider Under Federal Rule 59(e).**

In its Motion for Reconsideration, Alabanza relied upon Rule 7 of the Federal Rules of Civil Procedure and Local Rule 105.10. While Local Rule 105.10 refers to a motion for reconsideration, "[T]he Federal Rules of Civil Procedure recognize no 'motion for reconsideration.' Instead, this Court construes such filing in one of two ways. If the Motion is filed within ten days of the district court's entry of judgment, the motion is treated as a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59 (e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from judgment under Fed R. Civ. P. 60(b)." United States of America v. Emmons, 107 F. 3d 762, 764 (10th Cir. 1997); see also Erskine v. Board of Education, 207 F. Supp 2d 407, 408 n.1 (D. Md. 2002), aff'd, 2002 U.S. App. LEXIS 4102 (4th Cir. March 10, 2003)("The motion for reconsideration pursuant to Rule 59 is merely another name given to the motion to alter or amend judgment."); See James Wm. Moore et al, 12-59 Moore's Federal Practice-Civil § 59.30[7] (3rd Ed. 2001). Thus, Alabanza must meet the standard established by the Fourth Circuit for such motions:

> A motion for reconsideration [pursuant to Fed. R. Civ. P. 59(e)] is granted only in limited circumstances. … The federal courts generally have invoked Rule 59(e) only to support reconsideration

>in a decision on the merits. It may be made for one of three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available…; or (3) to correct a clear error of law or prevent manifest injustice. [A] motion to reconsider is not a license to reargue the merits or present new evidence.

Erskine, 207 F. Supp. 2d at 408 (internal citations intentionally omitted); see also Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (same); Huntington Mortgage Co., v. Mortgage Power Financial Services, Inc., 90 F. Supp.2d 670, 671-672 (D. Md. 2000) ("Mere disagreement with the judgment does not support a Rule 59(e) motion."); Reliance Insurance Co. v. J.L. Hickman & Co., Inc., 1999 U.S. Dist. LEXIS 22600, *2-*4 (D. Md. 1999) ("Such a motion 'may not be used, however, to raise arguments which could have been raised prior to the issuance of the Judgment'"); Weyerhaeuser Corp. v. Koppers Company, Inc., 771 F. Supp. 1406, 1419-1420 (D. Md. 1991) (Cannot use the Rule 59(e) motion to introduce arguments that should have been raised prior to judgment); Standard Quimica De Venezuela v. Central Hispanico International, Inc., 189 F.R.D. 202, 205-206 (D.P.R. 1999) ("[A] motion for reconsideration cannot be used to reargue matters already argued and disposed of nor to put additional arguments which could have been made by neglected to make before judgment." ) (quotation marks and citations omitted).

In this case, Alabanza has not met the heavy burden imposed upon it, as none of the reasons proffered in Plaintiff's Memorandum meet the required criteria. Alabanza has not argued that there was an intervening change in the law applied by this Court, nor has Alabanza argued that there is **new** evidence that was not **previously** available. Rather, Alabanza appears to argue that the Court's conclusions of law were erroneous as applied to the facts presented. However, Alabanza's Memorandum is nothing more than a re-argument of the position in took in the two memoranda it filed in opposition to Abacus' Motion To Dismiss. Moreover, Alabanza's mere disagreement with the Court's application of law to the facts presented in the

case *sub judice*, is not sufficient to support this motion, see Huntington Mortgage Co., supra, 90 F. Supp.2d at 671-672, and thus, Abacus respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.  Assuming *arguendo*, this Court's decision to dismiss for lack of personal jurisdiction over Abacus, was correct as a matter of law.

### A.   The Court Does Not Have Jurisdiction Over Abacus Through The Acts Of Cedant.

Alabanza has not presented any new evidence or contradictory law that would or should change the decision of the Court.  Moreover, Alabanza is attempting to posit new legal arguments in its Motion to Reconsider, which is impermissible under Rule 59(e).  See Weyerhaeuser Corp., surpa, 771 F. Supp. at 1419-1420.

The law regarding personal jurisdiction in the realm of a parent-subsidiary relationship is well settled and very clear.  See Mylan Laboratories, Inc. v. Akzo, 2 F.3d 56, 61-62 (4th Cir. 1993), cert. denied, 510 U.S. 1197, 127 L.Ed.2d 658, 114 S.Ct. 1307 (1994).  This Court's conclusion and reasoning was sound when it opined that "[b]ecause Abacus had not even acquired Cedant at the time that the alleged misappropriation occurred, there existed no parent-subsidiary relationship at the time of alleged illegal actions that could serve to confer jurisdiction.  Thus, it would be impossible to 'know… that its conduct would have some impact on Maryland.' … [Morover, Abacus did not] exercise sufficient control over Cedant to justify exercising jurisdiction over Abacus…"

### B.   The Court Does Not Have Jurisdiction Over Abacus based on its contacts with Maryland.

Alabanza has not presented any new evidence or contradictory law that would or should change the decision of the Court.  Rather, Alabanza is attempting to re-argue legal issues that have been thoroughly briefed, as well as, inject new legal arguments, which is impermissible

4

under Rule 59(e).  See Standard Quimica De Venezuela, supra, 189 F.R.D. at 205-206.  The Court's analysis of the Abacus' jurisdictional contacts was legally correct when it opined that "[Alabanza] has failed to establish that Abacus 'engaged in a persistent course of conduct in the state' or 'regularly' did or solicited business in Maryland."  In addition, during the eight-month pleading process, Alabanza failed to introduce independent evidence, in order to meet the prima facie burden imposed upon the Plaintiff during a jurisdictional inquiry.

## II.   Alabanza Is Not Entitled to Jurisdictional Discovery.

Alabanza argues that the Court should have "stayed its ruling on the motion to dismiss until Alabanza was allowed to conduct jurisdictional discovery regarding the status of Cedant and the extent of Abacus' contacts with the State of Maryland." (See Alabanza's Memorandum page 6).  However, the record indicates that Alabanza neglected to formally request jurisdictional discovery prior to the entry of judgment, effectively waiving discovery; and thus, the decision to conduct jurisdictional discovery fell under the sound discretion of the Court.  See Mylan Laboratories, Inc., supra, 2 F.3d at 64 ("district courts have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them].")(quotation marks and citations omitted).

In Crown Cork & Seal Company, Inc. v. Dockery, 886 F. Supp. 1253 (M.D.N.C. 1995), the Court discussing the issue of jurisdictional discovery, opined:

> Limited discovery may be warranted to explore jurisdictional facts in some circumstances.  See McLaughlin v. McPhail, 707 F.2d 800, 806-07 (4th Cir. 1983)(per curiam).  However, where a party has had **ample time and opportunity** to take discovery and the pleadings contain no specific facts that could establish jurisdiction, a court need not permit even limited discovery.  See Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993); Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F.2d 779, 788 (D.C. Cir. 1983), cert. denied sub. nom.[,] Naartex Consulting Corp. v. Clark, 467 U.S. 1210, 81 L.Ed.2d 355, 104

5

> S.Ct. 2399 (1984); see also Phillips USA, Inc. v. Allflex USA, Inc., 857 F. Supp. 789, 793 (D. Kan. 1994). [Emphasis added.]

Crown Cork & Seal Co., Inc., 886 F. Supp. at 1260 n.5.

In the case at bar, Alabanza had ample opportunity to formally request jurisdictional discovery over the eight months[1] that the case was before this Court, and failed to do so. Only now, apparently in an epiphany, does Alabanza assert that there are relevant facts yet to be discovered that would change the nature of the Court's ruling. However, Alabanza fails to argue that these facts were untenable at the time a request for discovery should have been made. Thus, it would appear that Alabanza had the ability to obtain these facts through a timely request for jurisdictional discovery and did not. Most importantly, Alabanza's pleadings do not contain facts that could establish a prima facie case for jurisdiction.

Abacus asserts that Alabanza waived jurisdictional discovery and it would be improper to permit Alabanza to, in essence, conduct a fishing expedition at the expense of Abacus. See, e.g., Reliance Insurance Co., 1999 U.S. Dist. LEXIS 22600, *2-*4. Moreover, Abacus maintains that the information necessary to make a jurisdictional determination was disclosed during the pleading process and is unable to conceive of any facts that would alter the Court's decision. Thus, Abacus respectfully requests that this Court deny Alabanza's request to conduct jurisdictional discovery.

## CONCLUSION

The Plaintiff has failed to provide any contradictory case law or new evidence in challenging this Court's ruling, which granted Defendant's Motion to Dismiss. Rather, Plaintiff

---

[1] While Abacus' Motion to Dismiss was not filed until Augusr 26, 2002, Alabanza has been on notice since June 10, 2002, that Abacus' disputed the issue of personal jurisdiction. (See Declaration of Peter J. Sommer at ¶ 1-5; hereinafter cited as Sommer's Declaration ¶ __ attached hereto and incorporated herein as Exhibit 1.). Thus, arguably, June 10, 2002, was the earliest indication that the issue of lack of personal jurisdiction would be argued by Abacus. At no time did counsel for Alabanza formally request jurisdictional discovery.

merely reiterates arguments previously advanced in opposing the motion to dismiss and does not demonstrate that this Court made a clear error of law. For all the foregoing reasons, Defendant respectfully requests that this Court, in reference to the Order granting Defendant's Motion to Dismiss, deny Plaintiff's Motion for Reconsideration.

                                            Respectfully Submitted,

                                            _____/s/_____.
                                            Peter J. Sommer
                                            Matthew A.S. Esworthy
                                            Sommer & Steele, LLC
                                            Suite 201, Dulaney Center I
                                            849 Fairmount Avenue
                                            Baltimore, Maryland 21286
                                            (410) 583-0001

                                            Attorneys for the Defendant

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 3rd day of April, 2003, a copy of the foregoing "Defendant's Memorandum In Opposition To Plaintiff's Motion For Reconsideration" was electronically filed with the United States District Court for the District of Maryland and mailed first class, postage pre-paid to: Patrick J. O'Brien, 7307 MacArthur Boulevard, Suite 206, Bethesda, Maryland 20816, Attorney for Plaintiff.

              _____/s/_____.
              Peter J. Sommer