# EXHIBIT 1.

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MAYLAND
NORTHERN DIVISION

| | |
|---|---|
| ALABANZA CORPORATION | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | *   CIVIL CASE NO.: MJG-02-CV-1946 |
| | * |
| ABACUS AMERICA, INC. | * |
| | * |
| Defendants | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF PETER J. SOMMER

I, Peter J. Sommer, am over eighteen (18) years of age, am competent to testify as follows and make this Declaration under penalty of perjury under 28 U.S.C. § 1746:

1.  I am counsel to Abacus America, Inc., the Defendant in these proceedings. On Monday, June 10, 2002, Alabanza Corporation, ("Alabanza"), Plaintiff, filed a Complaint for an Injunction and Other Relief and a Motion for a Temporary Restraining Order and Preliminary Injunction, in the United States District Court for the District of Maryland, against Abacus America, Inc., ("Abacus"), Defendant. A hearing on the Motion for a Temporary Restraining Order, ("TRO"), was scheduled for Monday, June 10, 2002, before the Honorable William M. Nickerson.

2.  On the afternoon of Monday, June 10, 2002, prior to the hearing before Judge Nickerson, Mr. Patrick O'Brien, counsel for Alabanza, asked the undersigned if I would accept service on behalf of my client, Abacus. I informed Mr. O'Brien that I would not accept service and that I planned to argue that the Court lacked personal jurisdiction over Abacus.

3.  During my presentation before Judge Nickerson, I argued that the Court lacked personal jurisdiction over Abacus and that my appearance before the Court did not constitute a waiver of my jurisdictional argument.

4.  At the conclusion of the TRO hearing, Judge Nickerson denied Alabanza's motion and did not rule on the issue of personal jurisdiction.

      5.  Following the hearing, counsel met in chambers of the Honorable Marvin J. Garbis to discuss the various scheduling issues.  During this meeting in chambers I reiterated my position that the Court lacked personal jurisdiction over Abacus, that I planned to argue this point and that I refused to accept service on behalf of my client.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 3, 2003               /s/
                                                     Peter J. Sommer