# Appendix 1

LEXSEE 1999 U.S. Dist. LEXIS 22600

**RELIANCE INSURANCE CO., a Pennsylvania Corporation, Plaintiff vs. J. L. HICKMAN & CO., INC., a Texas Corporation, aka IFA Insurance Services, et al., Defendants; WILLIAM RAY MILLER, II, and DONNA MANNINO, Third-Party Plaintiffs vs. UTICA MUTUAL INSURANCE CO., Third-Party Defendant**

CIVIL ACTION NO. MJG-97-3194

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

*1999 U.S. Dist. LEXIS 22600*

**November 23, 1999, Decided**

**DISPOSITION:**
[*1] Third-Party Plaintiffs' Motion to Amend or to Alter Judgment DENIED. Judgment Under Rule 54(b) issued on September 22, 1999 remained in force and effect. Motion for Hearing (Paper 68-1) DENIED. Motion for Joinder (Paper 69-1) DENIED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The court dismissed all claims by third-party plaintiffs with prejudice. Third-party plaintiffs moved to amend or to alter judgment of the court so as to dismiss their claims of a right to indemnification without prejudice. Third-party plaintiffs also sought to have the court reopen the proceeding and permit them to engage in discovery from third-party defendant.

**OVERVIEW:** The court held that third-party plaintiffs' motion to amend or to alter judgment presented no ground to justify the court's changing the judgment. The court did not find any claim made in the underlying suit which could have resulted in a recovery that would trigger a duty to indemnify. As such, there was no duty to defend, and there was no indemnification obligation. Furthermore, the court held that the request for discovery was too late and would have been denied even if it were timely made. There was no reasonable prospect of finding evidence that would have been relevant to the question of whether the underlying plaintiff's claims included claims that were covered under the insurance policy at issue.

**OUTCOME:** Third-party plaintiffs' motion to amend or to alter judgment was denied. Third-party plaintiffs' motion to reopen the proceeding and permit discovery was also denied.

**CORE TERMS:** indemnification, duty to indemnify, summary judgment, underlying suit, covered claim

**LexisNexis(TM) HEADNOTES - Core Concepts**

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN1] A motion to amend or to alter judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Such a motion may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment.

*Insurance Law > Claims & Contracts > Declaratory Relief*
[HN2] In the absence of any claim that could result in a recovery subject to indemnification, there will be no such recovery.

**COUNSEL:**
For RELIANCE INSURANCE CO., plaintiff: Philip M. Andrews, Kathleen A. Birrane, Kramon and Graham, John Augustine Bourgeois, Kramon and Graham, PA, Baltimore, MD.

For WILLIAM RAY MILLER, II, DONNA MANNINO, defendants: James R. Schraf, Lipshultz & Hone,

Case 1:02-cv-01946-MJG   Document 21-3   Filed 04/03/2003   Page 2 of 3

Page 2
1999 U.S. Dist. LEXIS 22600, *

Christopher Allan Conte, Lipahultz and Hone, Chartered, Silver Spring, MD.

For WILLIAM RAY MILLER, II, DONNA MANNINO, defendants: Eugene R. Anderson, Anderson, Kill & Olick, New York, NY.

For WILLIAM RAY MILLER, II, defendant: Richard H. Gins, GINS & GREENFELD, Washington, DC.

For WILLIAM RAY MILLER, II, defendant: Gerard P. Martin, Martin, Snyder & Bernstein, Steven F. Wrobel, Martin, Snyder & Bernstgein, Baltimore, MD.

For DONNA MANNINO, defendant: Louis James Morse, Law Office, Silver Spring, MD.

For WILLIAM RAY MILLER, II, DONNA MANNINO, defendants: Michele A. Gallagher, Anderson Kill & Olick, LLP, Washington, DC.

For UTICA MUTUAL INSURANCE COMPANY, third-party defendant: [*2] Lon A. Berk, Shaw Pittman, McLean, VA USA.

**JUDGES:**
Marvin J. Garbis, United States District Judge.

**OPINIONBY:**
Marvin J. Garbis

**OPINION:**

MEMORANDUM AND ORDER

The Court has before it Third-Party Plaintiffs' Motion to Amend or to Alter Judgment and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary to resolve the motion.

On September 22, 1999, the Court entered Judgment Under Rule 54(b) ("the Judgment") dismissing all claims by Third-Party Plaintiffs with prejudice. Third-Party Plaintiffs seek to have the Judgment altered (or clarified) so as to dismiss their claims of a right to indemnification without prejudice. Third-Party Plaintiffs also seek to have the Court reopen the proceeding and permit them to engage in discovery from Third-Party Defendant.

[HN1] A motion to amend or to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998), [*3]

cert. denied, *525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999)* (citations omitted). Such a motion "may not be used, however, to raise arguments which could have been raised prior to the issuance of the Judgment[.]" Id. (citations omitted). Third-Party Plaintiffs' Motion to Amend or to Alter Judgment presents none of the grounds which would justify the Court's changing the Judgment.

When cross-moving for summary judgment, Third-Party Defendant sought summary judgment with respect to its duty to indemnify and to defend. Third-Party Plaintiffs had a full chance to respond to the said motion. They did so and were unable to persuade the Court that there was any claim made in the underlying suit which could result in a recovery that would trigger a duty to indemnify. Accordingly, there was no duty to defend. Moreover, [HN2] in the absence of any claim that could result in a recovery subject to indemnification, there will be no such recovery. n1 Hence, there can be no indemnification obligation.

> n1 Presumably, if the underlying Plaintiff should change the nature of the underlying suit to include a potentially covered claim, a different situation might then exist. However, the matter before the Court was whether there was any potential recovery on a covered claim in the underlying case as pleaded by the underlying Plaintiff.

[*4]
With respect to the discovery request, it is too late and would be denied even if made timely. Nothing in the Third-Party Defendant's files is going to change one word of the insurance contract at issue. Nor is there any reasonable prospect of finding, amidst the materials through which Third-Party Plaintiffs wish to rummage, any evidence that would be relevant to the question of whether the underlying Plaintiff's claims include claims that are covered under the insurance policy at issue.

For the foregoing reasons:

1. Third-Party Plaintiffs' Motion to Amend or to Alter Judgment is DENIED.

2. The Judgment Under Rule 54(b) issued on September 22, 1999 remains in force and effect.

SO ORDERED THIS 23rd DAY OF November, 1999.

Marvin J. Garbis

Case 1:02-cv-01946-MJG   Document 21-3   Filed 04/03/2003   Page 3 of 3

Page 3
1999 U.S. Dist. LEXIS 22600, *

United States District Judge

ORDER CLEARING RECORD RE PENDING MOTIONS

It appears that certain motions still pending of record are moot or do not require further consideration at the present. Accordingly, so that the record may be cleared of motions no longer requiring active consideration:

1. The Motion for Hearing (Paper 68-1) is DENIED.

2. The Motion for Joinder (Paper 69-1) is DENIED.

SO ORDERED THIS [*5] 21st DAY OF January, 2000

Marvin J. Garbis

United States District Judge